IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DE'ASHAWN ANTONIO LEE HALTERMAN**                                                **PLAINTIFF**
**ADC #167850**

v.                           **Case No. 4:22-cv-00210-KGB**

**PLUMMER,** *et al.*                                                                    **DEFENDANTS**

### ORDER

Before the Court is a Recommended Disposition submitted by United States Magistrate Edie R. Ervin (Dkt. No. 4). Plaintiff De'aShawn Antonio Lee Halterman filed objections to the Recommended Disposition (Dkt. No. 5). After careful consideration of the Recommended Disposition, Mr. Halterman's objections, and a *de novo* review of the record, the Court adopts the Recommended Disposition in its entirety as its own (Dkt. No. 4).

In her Recommended Disposition, Judge Ervin screened Mr. Halterman's complaint pursuant to 28 U.S.C. § 1915(a) (Dkt. No. 4). Judge Ervin found that Mr. Halterman's allegations about the padlock separate defendant Plummer placed on his cell does not rise to the level of a constitutional violation; that Mr. Halterman's claims against separate defendants Lewis and Washington for the alleged denial of two consecutive meals, without more, is not an objectively extreme deprivation that will support an Eighth Amendment conditions-of-confinement claim; and that Mr. Halterman failed to allege any facts to suggest separate defendant Payne was either aware of a pattern of unconstitutional conduct by the other defendants or that he tacitly authorized such conduct (*Id.*, at 3–6). Judge Ervin therefore recommended that Mr. Halterman's claims against defendants Plummer, Lewis, Washington, and Payne be dismissed without prejudice for failure to state a claim upon which relief can be granted (*Id.*, at 3).

The Court writes to address Mr. Halterman's objections (Dkt. No. 5). In his objections,

Mr. Halterman states that he "must agree with everything you say accept [sic] for two justifications." (*Id.*, at 1). Mr. Haltmeran takes issue with Judge Ervin's determination "that my not being fed was not cruel an [sic] unusual or extremely depriving," and he asserts that such a finding "is more of an opinion then [sic] a fact." (*Id.*). Mr. Halterman objects to the dismissal of his claims against separate defendants Plummer, Lewis, and Washington (*Id.*, at 4–5). When compared to controlling precedents and the legal standard that governs the type of claim Mr. Halterman intends to bring, the Court finds that Mr. Halterman's allegations against these defendants are insufficient to state actionable claims. The Court does not understand Mr. Halterman to object to the dismissal of separate defendant Payne (*Id.*, at 4).

Upon a *de novo* review of the record, including the Recommended Disposition, the Court finds that Mr. Halterman's objections break no new ground and fail to rebut Judge Ervin's findings. The Court adopts the Recommended Disposition (Dkt. No. 4).

It is therefore ordered that:

1. Mr. Halterman's s complaint is dismissed without prejudice (Dkt. No. 2).

2. The Court recommends that, in the future, this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

So ordered this 19th day of November, 2024.

_____
Kristine G. Baker
Chief United States District Judge